### 7410. TURNER *v.* THE STATE.

Under the prohibition law (Penal Code, § 426) one may be guilty of the sale or barter of liquor "for valuable consideration" though the consideration be only a stolen article, to which no title passes as against the person from whom it was stolen.

DECIDED July 6, 1916.

Certiorari; from Putnam superior court—Judge Park. March 21, 1916.

*W. F. Jenkins, Roy D. Stubbs, R. C. Jenkins,* for plaintiff in error. *J. E. Pottle, solicitor-general, S. T. Wingfield,* contra.

HODGES, J. On the hearing of the certiorari before the judge of the superior court this case was presented to the judge upon an agreed statement of facts, which stands, in law, as the answer of the judge of the county court to the petition for certiorari. The agreed statement of facts is as follows: that Charlie Evans stole a pair of shoes from N. M. Jordan & Company; that Evans took the shoes to Turner and turned over the same for liquor; that afterwards the shoes were recovered from Turner by Jordan & Company; that the property in the shoes never passed out of Jordan & Company, and that there was no consideration for the alleged sale except the stolen shoes. "The only question to be passed on is whether or not the stolen shoes would be consideration, as contemplated and required by law, to constitute a sale."

1. The prohibition law provides that "it shall not be lawful for any one to sell or barter for valuable consideration . . alcoholic, spirituous, malt or intoxicating liquors," etc. Penal Code, § 426. The contention is made by learned counsel for the plaintiff in error that stolen property would not be a consideration to

constitute a sale as contemplated by the prohibition law. This contention is not well founded. The prohibition law is a police regulation enacted by the General Assembly to prevent the selling or bartering of intoxicating liquors, and, in the opinion of this court, a stolen pair of shoes may constitute a consideration for the selling or bartering of alcoholic liquors, just as well as would stolen money or a stolen horse. There was a delivery of the liquor by Turner to Evans, and a delivery of the shoes by Evans to Turner, and it would seem that Turner could not be heard to say that there was no consideration flowing to him in this transaction. He intended making a sale, and the consideration he expected to flow to him was the shoes. We are very clear that the court did not err in overruling the petition for certiorari.

*Judgment affirmed.*